## Olive Hill Limestone Company v. Paynter.

(Decided February 15, 1927.)

## Appeal from Carter Circuit Court.

1. Explosives—Failure to Submit Defense Based on Deed Containing Exemption from Liability for Damage by Blasting Held Error.—In action by vendor of land for rock quarry against purchaser for damages to house from blasting operations, failure of court to submit any instruction presenting defense based on provision of deed that vendor waived "any and all damage to their lands and personal property . . . which may arise . . . in the operation of second parties' quarries and crushers . . '. and to adjoining land of first party by slips or slides of said land . . . held reversible error.

2. Explosives—Deed to Quarry Held to Exempt Purchaser from Liability for Damages from Blasting, as Well as from Slides Caused by Excavating.—Provision of deed to purchaser of property for rock quarry, whereby vendors waived all damage to their lands and personal property which might arise in any way in the operation of the purchasers' quarries "and to adjoining land . . . by slips or slides of said land, . . . " held intended to exempt purchaser from liability for damage to house from blasting operations, as well as from slips or slides caused by excavating.

3. Appeal and Error—Instructions—In an action by the vendor of land for quarry to damage to house from blasting operations it is error for the court to refuse an instruction based on a provision in the deed exempting vendee from liability.

4. Trial—Instruction Permitting Recovery for Injury from Quarry Blasting Occuring Within Five Years Preceding Date Alleged was Erroneous as Outside the Issues.—In action for damage to house from blasting operations in nearby quarry alleged to have occurred an particular date, instruction permitting recovery for injury occurring at any time within five years preceding that date held erroneous as outside issues.

JOHN M. THEOBOLD for appellant.

WAUGH & HOWERTON for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

R. H. Paynter sued the Olive Hill Limestone Company for damages, alleging that on or about the 31st of October, 1922, his residence was injured by a negligent explosion of dynamite in that company's blasting operations at its nearby quarry.

The defendant traversed and affirmatively pleaded that it purchased the land upon which its quarry was located from plaintiff for the purpose of conducting a rock quarry thereon and specifically relied upon a provision of the deed as an exemption from liability. Issues were joined and a jury trial resulted in a verdict for plaintiff in the sum of $500.00.

Appellee's predecessor in title leased the land upon which the quarry is located to appellant in the year 1911 and in 1920 appellee conveyed same to it by a general warranty deed, containing the provisions quoted *infra*. In the meantime, in 1916, appellee erected a two-story brick residence near the quarry, the blast of which he complains being discharged some 1,550 feet from the house.

The appellant began operations at the date of the lease and in 1912 purchased machinery and inaugurated a system of drilling which it has since followed. This is done by drilling a number of six inch holes, both transversely and perpendicularly, a short distance back from the face of the quarry and extending from the surface to the basic strata of the quarry, and placing therein a large quantity of dynamite, the amount of the charge varying with the number of holes and sometimes reaching as high as 12,000 pounds. This is all discharged at one blast, and a good blast furnishes material for several months' crushing; it not appearing that any injury was ever occasioned thereby except in this one instance.

Appellee's daughter testifies that she and her husband lived in the residence. Her husband is a railroad engineer and on the day in question was on his run. About two o'clock in the afternoon she heard a terrific explosion, accompanied by a swelling of the earth like an earthquake; the house raised, creaked and trembled and as it settled back the wall cracked and split in many places, both outside and inside. The window jambs and door facings were bent and window panes broken.

Her husband testifies in a similar way as to the condition of the house on his return, and both assert that there were no cracks in the wall previously.

Other witnesses introduced by appellee describe the condition of the premises, varying as to the size of the cracks in the wall. Appellee also introduced several of appellant's employes who described the general method of

blasting as above set out, but not one of them remembers of seeing this particular blast fired, and in a general way these witnesses claim that the last large blast fired in 1922 was in July, at a time when no one was living in the Paynter house.

Appellant's theory is that the cracks occurred by a settling of the house; it being shown that the foundation is laid partly on solid rock and partly on clay and the walls are only nine inches thick and twenty or more feet in height. However, it is not shown that there were any cracks previous to October, 1922.

The provision of the deed upon which defendant relied as a waiver reads:

> "First parties specifically waive any and all damage to their lands and personal property and themselves which may arise in any way in the operation of second parties' quarries and crushers situated on the land herein described and to the adjoining land of first party by slips or slides of said land which may be caused by the excavating of second party in operating its quarry."

Based on this provision the defendant asked the court to give the following instruction:

> "The court instructs the jury that if they shall believe from the evidence that the defendant in this case was operating its quarry in the usual and customary way in which such quarries are operated in the exercise of due and proper care, and as persons engaged in like or similar business usually and prudently operate the same, and the plaintiffs conveyed said land to it for that particular purpose, you will find for defendant."

This was refused and no instruction given covering this defense. In this we think the court in error. The provision of the deed quoted *supra* waives any and all damages to plaintiff occasioned by the operation of the quarry and crushers. Certainly if the defendant was exercising due and proper care, as defined in the offered instruction, it would not be liable under this provision. It is argued, however, that in construing the exemption clause as a whole that it applies only to such damage as is occasioned to adjoining land of the first party by slips

or slides caused by excavating. But it does not seem to us that such was the intention of the parties. By the terms of the instrument defendant was exempted from damage to its vendees arising in the operation of the quarry, and also to such damage as might be caused to adjoining land from a slip or slide during excavation. It follows that the court erred in failing to give an instruction on this question.

Also the first instruction should have predicated a recovery on an accident occurring on or about October 31, 1922, as it was not claimed that it occurred at any other time, and the court erred in permitting a recovery for an injury occurring at any time within five years before the 31st of October, 1922.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.